# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Joe Hand Promotions, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:12-cv-00249-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jeffrey S. Novak, Jamal Asey, | ) | |
| and J&S Enterprises of Charleston, Inc., | ) | |
| d/b/a The Owners Box, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon the Motion to Dismiss filed by Defendants Jeffrey S. Novak ("Novak") and J&S Enterprises of Charleston, Inc. ("J&S Enterprises"), (collectively "Defendants"). Pursuant to Federal Rule of Civil Procedure 12(b)(5), Defendants move to dismiss Plaintiff's Complaint for insufficient service of process because Plaintiff failed to serve the Summons and Complaint within the 120-day period required by Rule 4. Because the Court finds that Plaintiff had good cause for the delay in service, the Court denies Defendants' motion.

## BACKGROUND

On January 26, 2012, Plaintiff Joe Hand Promotions, Inc. filed the instant action against Novak, Jamal Asey, and J&S Enterprises. On the same day, a summons was issued as to each defendant. Under Rule 4(m), the 120-day deadline for service of process was May 25, 2012.

Plaintiff hired a process server, who attempted to serve Defendants on January 30, 2012. On March 21, Plaintiff filed an Affidavit of Service Unexecuted to inform the Court about the process server's unsuccessful attempt at service. Plaintiff then hired a second process server, who attempted to serve Novak on at least nine separate occasions in early May and at three

1

separate locations. That process server swore to these attempts in affidavits executed on June 12; Plaintiff filed these affidavits with the Court on July 2. Plaintiff then hired a private investigator, who attempted service at Novak's house and business at least eight times before initiating surveillance. On August 28, 2012—seven days after surveillance began and 215 days after the Complaint was filed—the private investigator successfully served Novak in his individual capacity and as an agent for J&S Enterprises. On September 18, 2012, Defendants filed their Motion to Dismiss, and six days later, Plaintiff filed a Proof of Service as to all defendants.[1]

## ANALYSIS

The Federal Rules of Civil Procedure require that a defendant be served with a summons and a copy of the complaint within 120 days after the complaint is filed. Fed. R. Civ. P. 4(c)(1), (m). If a defendant is not served within the 120-day period, then "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Furthermore, "[e]ven if the [p]laintiff cannot show good cause, the court may, in its discretion, grant an extension of time if it deems such an extension to be warranted." *Perri-Clair v. Ace P'ship of Charleston SC*, No. 2:09–CV–1584–MBS, 2011 WL 765671, *1 (D.S.C. Feb. 23, 2011); *see* Fed. R. Civ. P. 4(m) advisory committee's notes (1993) ("[Rule 4(m)] explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.").

---

[1] Defendant Jamal Asey was served by certified mail on July 5, 2012. He is not a party to the instant Motion to Dismiss.

"[I]n order to show good cause, a plaintiff must demonstrate that he made reasonable, diligent efforts to effect service on the defendant." *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999) (internal quotations omitted). "Courts typically find good cause to extend the Rule 4(m) time limit where external factors stifle a plaintiff's due diligence in effecting service." *Clyburn v. Champagne*, No. 6:10–1925–TMC, 2012 WL 4478971, *5 (D.S.C. Sept. 28, 2012) (internal quotations and alterations omitted); 4B Charles Alan Wright & Alan R. Miller, *Federal Practice and Procedure: Civil* § 1137 (3d ed. 2002) (observing that "good cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server"). For example, courts have found good cause where "the defendant was evading service; the plaintiff experienced difficulty in obtaining defendant's proper address; the plaintiff was misdirected by court personnel as to proper procedure; or a defect in the attempted service was not revealed by the defendant until after the time [had] expired." *Hoffman v. Balt. Police Dep't*, 379 F. Supp. 2d 778, 786 (D. Md. 2005) (citations omitted); *see Perri-Clair*, 2011 WL 765671, at *2 (same). Where a plaintiff's process server makes repeated attempts at multiple locations throughout the 120-day period and the corporate defendant and its registered agent are not cooperative, there is good cause for an extension of the time allowed for service of process. *United States v. Sea Bay Dev. Corp.*, No. 2:06cv624, 2007 WL 1378544, *5 (E.D. Va. May 8, 2007) (finding good cause even though plaintiff delayed its attempts to serve defendant for over a month after the complaint was filed).

In contrast, "courts have held that mere inadvertence, ignorance of the federal rules, and attorney neglect do not constitute good cause." *Harvey v. Capital Children's Dental Ctr.*, No. 3:09-1836-CMC-PJG, 2010 WL 1294120, *2 (D.S.C. Mar. 4, 2010). Thus, courts have declined

to find good cause where the plaintiff did not pursue service until after the time period had expired. *Anderson v. City of Rock Hill*, No. 0:04-22892-CMC-BM, 2005 WL 3968035, *2 (D.S.C. Apr. 15, 2005); *Hammad*, 31 F. Supp. 2d at 528. Similarly, a plaintiff who makes no attempt at service until the final days of the 120-day period generally cannot demonstrate the "reasonable, diligent efforts to effect service" required for a finding of good cause. *See Hoffman*, 379 F. Supp. 2d at 786 (dismissing complaint where "Plaintiff's counsel did absolutely nothing to attempt to serve the[] defendants for 118 days, and offers the unavailability of one of his office staff on the final two days as the reason for untimely service"); *T&S Rentals v. United States*, 164 F.R.D. 422, 426 (N.D. W. Va. 1996) (declining to find good cause where plaintiffs did not mail the complaint and summons until the 119th day after the complaint was filed and service was not made until the 121st day).

In the instant case, Plaintiff made reasonable, diligent efforts to effect service on Defendants. Within four days of filing the Complaint, Plaintiff hired a process server. When that server's attempts failed, Plaintiff hired a second process server, who attempted to serve Novak at least once at his business and seven times at his residence. All of these unsuccessful service attempts took place before the 120-day period expired on May 25. Plaintiff continued to attempt service of process even after the expiration of the 120-day period by hiring a private investigator. The private investigator made at least eight attempts to serve Novak and then had to initiate surveillance before successfully serving process upon Defendants. In light of these facts, the Court finds that good cause did exist to warrant the delay in service beyond the 120 days prescribed by Rule 4(m).[2] Furthermore, Defendants' argument that Plaintiff violated Local Rule 4.01 is without merit.

---

[2] Even if the Court had found that good cause did not exist, it would have exercised its discretion under Rule 4(m) to grant Plaintiff an extension of time beyond the 120 days. *See Perri-Clair*, 2011 WL 765671. The Court notes

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendants' Motion to Dismiss is **DENIED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**October 18, 2012**
**Charleston, SC**

---

that there is no evidence that the delay caused prejudice to Defendants. Furthermore, a dismissal without prejudice likely would lead to Plaintiff filing the complaint again and encountering similar problems with service of process. Given the difficulties that the three different process servers encountered in locating and serving Novak, the Court declines to begin that process anew.